Filed 11/12/15  P. v. Khanthavong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078497 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F06162) |
| v. | |
| BOUSONG LOT KHANTHAVONG, | |
| Defendant and Appellant. | |

On June 18, 2014, Damanpreet Kaur rented a 2013 Nissan Altima from Hertz rental car at the Sacramento Airport.  Kaur failed to return the car and attempts to reach Kaur were unsuccessful.  The car was reported stolen on July 30, 2014.

On August 28, 2014, Dennis Huiting called the Citrus Heights Police Department to report that a woman was sleeping in a car that was parked on his front lawn.  Officer Brad Greenhalgh responded to the call and found defendant, Bousong Lot Khanthavong asleep in the driver's seat of the same 2013 Nissan Altima that was stolen from Hertz.

1

Officer Greenhalgh searched the car and found several "brand-new" license plates that did not belong to the Altima. In the Nissan's trunk, Greenhalgh also found a bag of tools commonly used for stealing cars, underneath which he found a bag containing 96.6 grams of marijuana. In defendant's purse, Officer Greenhalgh found defendant's identification and seven "shaved" keys. Defendant told Greenhalgh she borrowed the car from a neighbor, did not know anything about the shaved keys, and denied the tools were hers. She did, however, admit the marijuana was hers. Defendant told Officer Greenhalgh she had been driving to Red Hawk Casino and did not know how she ended upon Huiting's lawn.

The People subsequently charged defendant with unlawful driving or taking of a vehicle, unlawful receipt of a stolen vehicle, unlawful possession of burglar's tools, and unlawful possession of more than 28.5 grams of marijuana. The People further alleged defendant was twice previously convicted of the unlawful driving or taking of a vehicle, first degree burglary, and possession of stolen property.

Jury trial began on December 8, 2014. On December 10, 2014, the jury found defendant guilty as charged and the court found true the allegations related to defendant's prior convictions. The court later sentenced defendant to an aggregate term of nine years in state prison. The court imposed numerous fines and fees and awarded defendant 284 days of custody credit.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende* (1969) 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

2

We have, however, noticed an error which requires correction.  The trial court correctly imposed a $4 emergency medical air transportation fine.  (Gov. Code, § 76000.10.)  That fine was omitted from the abstract of judgment.  "Rendition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)  We will order the clerk to correct the abstract of judgment to reflect the oral pronouncement of judgment.

DISPOSITION

The judgment is affirmed.  The clerk is ordered to correct the amended abstract of judgment to reflect the imposition of the $4 emergency medical air transportation fine and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.

3